UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO PREVILON, and all
others similarly situated pursuant to
29 U.S.C. §216(b),

        Plaintiff,

vs.

BUSINESS FUNDING NEW YORK, INC., a
New York corporation,

        Defendant,
_____/

## COMPLAINT

Plaintiff, ROBERTO PREVILON ("Plaintiff"), on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. §216(b), files the following Complaint against Defendant, BUSINESS FUNDING NEW YORK, INC. ("Defendant"), and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216 (the "FLSA").

2. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. At all times material hereto, Defendant, BUSINESS FUNDING NEW YORK, INC., was and is a Florida corporation located within Palm Beach County, Florida, although it does not appear to be registered with the State of Florida.

4. At all times material hereto, Defendant was the FLSA employer during Plaintiff's relevant period of employment.

5. Defendant's business activities involved those to which the FLSA applies. The Defendant's business and Plaintiff's work for the Defendant affected interstate commerce because the materials and goods used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiffs use of the same. Plaintiff's work for the Defendant was in and/or so closely related to interstate commerce while he worked for the Defendant that the FLSA clearly applies to Plaintiff's work for the Defendants in this case.

6. Defendant regularly employed two or more employees during the relevant time period who handled goods or materials similar to those handled by Plaintiff or used the instrumentalities of interstate commerce or the mails, thus making Defendant's business an enterprise covered by the FLSA.

7. Upon information and belief, the Defendant's corporation grossed or did business in excess of $500,000.00 annually during the relevant time period.

8. Defendant sells business loans, short term loans, business factors, lines of credit, and similar financial products. Defendant is based in New York and does not appear to be registered to do business with the State of Florida; nevertheless, Defendant opened a location in Boca Raton, Florida, from which it conducted or conducts the activities for which Plaintiff was employed, as described more fully herein.

9. Plaintiff commenced his employment with Defendant on or about January 6, 2020 and worked for Defendant through March 10, 2020. Plaintiff worked nine (9) hours per day on Monday through Thursday, and eight (8) hours on Friday, for a total of forty-four (44) hours worked per week.

10. Plaintiff was required to be inside Defendant's place of business for the entirety of each workday, where he had an assigned workspace, telephone, and dedicated email at the Defendant's URL, and was require to make between 300-500 calls each day using the company's auto-dialer service, in an attempt to sell Defendant's financial products. Defendant agreed to pay on the basis of a commission equal to 3% of sales made by Plaintiff. In total, Plaintiff was paid $60 during the course of his work for Defendant.

11. Plaintiff's Statement of Claim is as follows:

| Period | Hours Worked | Regular | Overtime | Total | Liquidated |
|---|---|---|---|---|---|
| 01/06-01/10 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 01/13-01/17 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 01/20-/01/24 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 01/27-01/31 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 02/03-02/07 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 02/10-/02/14 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 02/17-02/21 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 02/24-02/28 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 03/02-03/06 | 44 | 290 | 43.50 | 333.5 | 333.5 |
| 03/09-03/10 | 18 | 130.50 | 0 | 130.50 | 0 |
|  |  |  |  | 3,132.00 | 3,001.50 |

Grand Total: $6,133.50

12. All acts and omissions giving rise to this dispute took place within Palm Beach County, County, Florida, and Defendant is operating in Palm Beach County, Florida.

13. Jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337.

14. Venue is proper within this District pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391(b).

## COUNT I
## FEDERAL OVERTIME WAGE LAW VIOLATIONS

15. Plaintiff re-avers and re-alleges Paragraphs 1 through 14 above, as though fully set forth herein.

16. This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendants have employed numerous other employees, similarly situated to the Plaintiff, who have not been paid overtime for work performed in excess of 40 hours during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

17. 29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

18. Defendant's failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendant knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendant pursuant to the FLSA as cited above, with all

amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

19. Further, upon information and belief, Defendant has employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

WHEREFORE, Plaintiff, ROBERTO PREVILON respectfully requests certification of a collective action of all current and former employees of Defendant, BUSINESS FUNDING NEW YORK, INC., and an award to Plaintiff and the collective double
all unpaid overtime wages as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs from the Defendant, BUSINESS FUNDING NEW YORK, INC., pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## COUNT II
## FEDERAL MINIMUM WAGE VIOLATIONS

20. Plaintiff re-avers and re-alleges Paragraphs 1 through 14 above, as though fully set forth herein.

21. Defendant has failed to pay Plaintiff, and all similarly situated individuals a minimum wage as required by federal law, for one or more weeks of work for the Defendants in this case.

22. Defendant was and are well aware for the federal minimum wage requirements, and therefore willfully failed to pay Plaintiff and all similarly situated individuals a minimum wage for one or more weeks of work, in violation of 29 U.S.C. §206.

WHEREFORE, Plaintiff, ROBERTO PREVILON, respectfully requests that this Court certify a collective action of all current and former employees of Defendant, BUSINESS FUNDING NEW YORK, INC., who were not paid in conformity with federal minimum wage standards, and award Plaintiff, as well as the collective, double unpaid minimum wages owed by Defendant as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs, pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby requests and demands a trial by jury on all such claims.

DATED this 21st day of April, 2020.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste 500
Boca Raton, Florida 33431
PH:   (954) 745-0588

By: */s/ Nolan K. Klein*
     NOLAN K. KLEIN
     Florida Bar No. 647977
     klein@nklegal.com
     amy@nklegal.com

## VERIFICATION

I hereby swear or affirm that the allegations set forth above are true and correct to the best of my knowledge, information, and belief.

*Roberto previlon*
ROBERTO PREVILON